UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HUGO MORAN-DOPICO,

        Petitioner,

v.                              CASE NO. 2:12-cv-10889
                                        HONORABLE DENISE PAGE HOOD
WILLIE SMITH,

        Respondent.

_____/

**<u>ORDER GRANTING IN PART PETITIONER'S REQUEST FOR TRANSCRIPTS
AND TO BE ALLOWED TO FURTHER RESPOND (DOCUMENT NO. 7)</u>**

Petitioner Hugo Moran-Dopico has filed a *pro se* habeas corpus petition under 28

U.S.C. § 2254.  He is challenging his Macomb County convictions for possession with

intent to deliver over 1,000 grams of a controlled substance and conspiracy to deliver over

1000 grams of a controlled substance.  He alleges that (1) the trial court violated his right

to confront the witnesses against him by limiting his cross-examination of a witness, (2) the

evidence was insufficient to support his conviction for possession of cocaine, (3) his Fourth

Amendment rights were violated by a defective felony complaint, (4) the trial court refused

to hear his motions, and the prosecution withheld exculpatory evidence, (5) the trial court

should have suppressed evidence obtained from his illegal arrest, and (6) appellate counsel

was ineffective for failing to raise claim five on appeal.

Respondent has filed an answer to the habeas petition and a portion of the state

court record.  He urges the Court to deny the petition on the basis that none of Petitioner's

claims have merit and three of them are procedurally defaulted.

Currently pending before the Court is Petitioner's objection to the state court record, which Respondent filed on May 7, 2012. Petitioner seeks to have Respondent file the transcript of trial for December 6, 2006, and the transcript of the preliminary examination purportedly held on September 28, 2005.

Respondent did file the transcript of trial for November 28, 2006, November 29, 2006, and December 5, 2006. The state court docket, however, indicates that the trial was also held on November 30, 2006, December 1, 2006, December 6, 2006, December 7, 2006, and December 8, 2006. A federal district court must review the entire state court trial transcript in habeas cases. *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003). Therefore, Petitioner's request to have Respondent file the transcript of trial for December 6, 2006, [Document No. 7, filed June 18, 2012] is **GRANTED** in part. Respondent shall file the transcript of trial for December 6, 2006, as well as, the volumes for November 30, 2006, December 1, 2006, December 7, 2006, and December 8, 2006. These items shall be filed within **twenty-eight (28) days** of the date of this order.

Petitioner also seeks a copy of the transcript of the preliminary examination. He claims that he needs the transcript to support his first habeas claim, which alleges that the trial court deprived him of his right of confrontation by preventing him from asking a witness about the witness's expectation of favorable treatment for his cooperation in the case.

Petitioner does not have a constitutional right to a free transcript to search for error. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (citing *Hines v. Barker*, 422 F.2d 1002, 1006-07 (10th Cir. 1970)). The Court therefore declines to order Respondent to provide Petitioner with a free copy of the transcript of the preliminary examination. However,

because the parties referred to testimony from the preliminary examination at trial, Respondent is **ORDERED** to file the transcript of the preliminary examination within **twenty-eight (28) days** of the date of this order. Thereafter, Petitioner may purchase a copy of the transcript from the Court.

Petitioner's final request is for permission to file an additional response to Respondent's answer to the habeas petition following receipt of the transcript of the preliminary examination. This request is **GRANTED**. Petitioner shall have **forty-five (45) days** from the date that the transcript of the preliminary examination is filed with the Clerk of the Court to file a reply to Respondent's answer to the habeas petition.

To summarize, Respondent shall file the transcript of the preliminary examination and the missing volumes of the transcript of trial within twenty-eight days of the date of this order. Petitioner shall have forty-five days from the date that the transcript of the preliminary examination is filed to submit a reply to Respondent's answer to the habeas petition.

SO ORDERED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 25, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

3